```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      )
                              )
     v.                       )    1:08CR315-1
                              )
THOMAS BALDWIN                )
```

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, Chief Judge.

Defendant Thomas Baldwin, proceeding *pro se*, has moved for reconsideration of this court's decision on his motion for sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. (Docs. 48, 49.) Following the filing of the present motion, the court, through its independent research, determined that Baldwin may no longer be considered a career offender based on the prior convictions relied on at sentencing and entered an order directing the parties to weigh in on this potential. (Doc. 50.) Shortly thereafter, the Fourth Circuit entered its decision in United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), holding that defendants who were sentenced as career offenders and who are eligible for sentence reductions under the First Step Act receive the benefit of favorable changes in the law. Baldwin, through counsel, filed a supplemental brief agreeing with the court, citing Chambers. (Doc. 51.) The Government responded, noting that the mandate in Chambers had not issued and urged rejection of Baldwin's motion. (Doc.

53.) On August 17, 2020, the court issued an order directing the parties to address whether Baldwin could be considered a career offender based on other prior convictions contained in his presentence investigation report or, alternatively, on a de facto basis. (Doc. 55.) Baldwin responded in the negative as to both (Doc. 58), and after several extensions, the Government agreed as to the first point but, while noting Baldwin could be treated as a de facto career offender following a resentencing hearing, urged the court to decline to do so (Doc. 64).

The motion is now ready for decision. For the reasons set out below, the court will grant Baldwin's motion for reconsideration.

I. BACKGROUND

Baldwin was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). On January 25, 2010, he was sentenced as a career offender to 262 months of imprisonment (202 months on Count One, and 60 months on Count Two, consecutive) and 5 years of supervised release, concurrent on both counts. (Doc. 26.) The sentence was affirmed on appeal. (Docs. 34, 35.)

2

On February 7, 2019, Baldwin filed for relief under the First Step Act. (Doc. 37.) At that time, neither the Government nor Baldwin's counsel suggested that Baldwin no longer qualified as a career offender. (Docs. 44, 45.) On October 4, 2019, the court granted Baldwin's motion to the extent of reducing his overall sentence of 262 months to 250 months, based on the post-conviction rehabilitation that was noted: 190 months as to Count One, the count eligible for relief, 60 months consecutive as to Count Two, and 3 years of supervision on Count One and 5 years on Count Two, concurrent. (Doc. 46.)

Baldwin filed his present motion for reconsideration on December 20, 2019. (Doc. 48.) He argues that he should have received a larger reduction in sentence as "there are some factors that were not considered on my behalf." (Doc. 48 at 1.) He argues that he is aware of other offenders "whose cases were very similar" to his "who received 5 to 8 years off their sentences." (Id.) He regards the court's 12-month reduction as a "slap to [his] face." (Id.) On the merits, he argues that he has "stayed out of trouble," "taken classes that pertain to [his] rehabilitation process," and for the past 3 years worked in the Unicor Program making furniture. (Id.)

The court then independently reviewed the record and

3

determined that, although not raised by Baldwin, he in fact may no longer qualify as a career offender.  The court therefore directed the parties to address this issue.  (Doc. 50.)  Both the Government and Baldwin, through counsel, now agree that Baldwin's predicate felony drug convictions no longer qualify for purposes of determining his career offender status but agree that he could be considered a de facto career offender.  Both urge, however, that the court not consider that possibility.  (Docs. 58, 64.)

**II. ANALYSIS**

At the outset, the court must consider whether it has the authority to consider Baldwin's motion for reconsideration.  In United States v. Calton, the Fifth Circuit joined every other circuit, including the Fourth Circuit, in concluding that a district court has subject matter jurisdiction to consider a successive § 3582(c)(2) motion.  900 F.3d 706, 710 (5th Cir. 2018) (citing United States v. May, 855 F.3d 271, 274 (4th Cir. 2017), cert. denied, 138 S. Ct. 252 (2017)).  In May, the Fourth Circuit noted that "we have previously prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration."  May, 855 F.3d at 274 (citing United States v. Goodwyn, 596 F.3d 233, 234 (4th Cir. 2010)).  However, the Fourth Circuit clarified that "the prohibition on § 3582(c)(2)-based motions for reconsideration is not based on a

4

limitation that Congress has clearly ranked as jurisdictional. Rather, it is implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and 'the clear intent of § 3582 ... to constrain postjudgment sentence modifications.'" May, 855 F.3d at 274-75 (quoting Goodwyn, 596 F.3d at 235-36). The Fourth Circuit therefore concluded that "the rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." May, 855 F.3d at 275. Baldwin's motion for relief under the First Step Act is authorized by 18 U.S.C. § 3582(c)(1)(B), as the modification of the term of imprisonment is permitted by statute -- the First Step Act. There is no indication that any different rule would apply to the jurisdictional/waiver consideration in this context.[1]

Here, Baldwin filed his request for reconsideration on December 20, 2019, and the Government responded without any

---

[1] The Fourth Circuit, in an unpublished opinion, has recently cited to May in the context of a First Step Act motion for reconsideration. See United States v. Harriot, 831 F. App'x 92, 93 n* (4th Cir. 2020) ("We conclude that [Defendant's First Step Act] motion was properly before the district court because the Government did not file an opposition to his motion for reconsideration." (citing May, 855 F.3d at 274)).

5

challenge or objection to the court's authority to do so. Therefore, the court deems the Government to have waived any objection to the motion in that respect.

The parties agree that Count One is a covered offense for purposes of the First Step Act. See United States v. Wirsing, 943 F.3d 175, 186 (4th Cir. 2019). Based on the information before the court at the time of Baldwin's original sentencing, his U.S. Sentencing Guideline range was calculated as 262 to 326 months. That range remained unchanged under both the 2011 and 2014 guidelines. Upon Baldwin's motion under the First Step Act, the court determined that the statutory penalties for Count One -- the only count that can be altered under the Act -- were imprisonment for not more than 20 years (240 months) and a term of supervised release of not less than 3 years. However, because Baldwin was a career offender (no party having contended otherwise at the time) and because Count Two requires a consecutive sentence of 60 months, the advisory guideline range was affected only at the upper end, becoming 262 to 300 months. In other words, the First Step Act reduced only the maximum statutory punishment and, consequently, the maximum to be imposed under the guideline range; the lower end of the guideline range (262 months), where Baldwin was sentenced, remained the same. (Doc. 41; Doc. 31 at 38.) The First Step Act

6

therefore did not mandate any change in Baldwin's guideline range. In considering Baldwin's First Step Act motion, however, the court was free to consider his post-sentencing mitigating factors identified at the time. The court did so and reduced his sentence to 190 months on Count One, and the 60-month consecutive sentence on Count Two remained the same. (Docs. 46, 47.) This produced a total sentence of 250 months.

Upon Baldwin's motion for reconsideration and following this court's inquiry and suggestion, Baldwin has filed a copy of his judgment from his conviction that rendered him a career offender: a November 29, 1999 conviction for felony possession with intent to sell/deliver cocaine in Davidson County Superior Court case number 98CRS11633. (Docs. 51-1, 51-2.) While he did not challenge this conviction on collateral review under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011),[2] it is now part of the record in this case. This conviction is a Class H felony, and with seven prior record level points that equate to a record level III, Baldwin was sentenced within a presumptive range of 10 to 12 months. N.C. Gen. Stat. § 15A-1340.17(c). Thus, this conviction is no longer a qualifying felony offense for career offender purposes. U.S.S.G. §§ 4B1.1, 4B1.2. Without a career offender

---

[2] Such challenge was precluded by United States v. Foote, 784 F.3d 931 (4th Cir. 2015).

7

enhancement, the parties agree that under the sentencing guidelines Baldwin would still be calculated as a criminal history category VI and a total offense level of 13.  This produces an advisory guideline sentence of 33-41 months on Count One, the only count eligible for reduction under the First Step Act.  Count Two carries a mandatory 60 months, consecutive, by statute.  Thus, the total range is 93-101 months.

On April 23, 2020, the Fourth Circuit decided <u>Chambers</u>, which affirmed the court's discretion to consider the fact that a defendant would no long qualify as a career offender in a First Step Act resentencing (a position this court has always assumed), but further held that the court must calculate the defendant's new sentencing guideline range without that status.  Thereafter, however, the Government urged this court not to consider <u>Chambers</u>' application until the Fourth Circuit ruled on the Government's motion for rehearing or *en banc* review.  (Doc. 53 at 3.)  Since then, the Government's requests were denied and the mandate in <u>Chambers</u> has issued.  Thus, the Government's objection on this ground is moot.

The parties also agree that none of Baldwin's prior convictions will qualify for a career offender predicate under

8

§ 4B1.1. Based on the court's independent review, they are correct.

The parties do agree, however, that Baldwin could qualify as a <u>de facto</u> career offender based on his 1988 Mississippi conviction for felony possession with intent to distribute cocaine. (Doc. 39 ¶ 29). However, the Government joins Baldwin in urging the court not to consider that possibility.[3]

As a result of the foregoing, the court therefore calculates the guidelines as if Baldwin were no longer a career offender under § 4B1.1. <u>See</u> <u>United States v. Rogers</u>, 814 F. App'x 781 (4th Cir. 2020). Nevertheless, Baldwin still has a criminal history of VI, which is a reflection of his extensive criminal convictions: misdemeanor burglaries (Doc. 39 ¶¶ 22, 23); grand theft property (<u>id.</u> ¶ 27); 1988 felony possession with intent to distribute cocaine (<u>id.</u> ¶ 29) (6 years imprisonment); 1992 felony possession

---

[3] The Government, citing to <u>United States v. Hodge</u>, 902 F.3d 420 (4th Cir. 2018), and <u>United States v. Rumley</u>, 952 F.3d 538 (4th Cir. 2020), rests its position on a concern that this court might not be able to consider Baldwin's <u>de facto</u> career offender status absent a full resentencing. (Doc. 64 at 2-3.) Both <u>Hodge</u> and <u>Rumley</u> considered the career offender provisions of the Armed Career Criminal Act, not the guidelines, and addressed whether the Government can substitute a prior conviction noted in the presentence investigation report to replace a subsequently disqualified conviction. While the ACCA distinction appears immaterial, the thrust of both cases was the need for notice and a meaningful opportunity to be heard. That has been provided here. Whether a full resentencing hearing is required on this record need not be resolved, as the court declines to consider Baldwin's potential as a <u>de facto</u> career offender.

9

of firearm by felon (semi-automatic handgun) (id. ¶ 30); 1993 and 1994 possession of marijuana (id. ¶¶ 31, 32); 1994 felony possession of cocaine (id. ¶ 33) (2 years imprisonment on revocation); 1995 felony trafficking in cocaine (id. ¶ 35) (35-42 months imprisonment); 1999 felony possession with intent to distribute cocaine, and felony maintaining a dwelling to sell/deliver cocaine (id. ¶ 36) (10-12 months imprisonment); 2001 felony possession with intent to sell/deliver cocaine, felony sale of cocaine, and felony conspiracy to sell/deliver cocaine (id. ¶ 39) (16-20 months imprisonment, followed by 11-14 months imprisonment, followed by 11-14 months imprisonment, respectively); and 2008 felony possession with intent to sell/deliver cocaine and habitual felon (id. ¶ 43) (70-93 months imprisonment). These convictions do not include multiple other convictions for theft, burglary, firearm possession, and drug paraphernalia offenses, his many probationary sentences, or the fact that he absconded during a prior probationary period. (Id. ¶ 30.) They also do not reflect that a charge of habitual felon under North Carolina law, which would have significantly increased his punishment, was dismissed as part of a plea deal in 2001.[4]

---

[4] But in 2008, after further drug trafficking, he was eventually charged and convicted as a habitual felon. (Id. ¶ 43.)

10

(Id. ¶ 39.)  So, while Baldwin may no longer be a career offender under federal law, he has 18 criminal history points reflecting an extensive criminal history, and several of his prior convictions were not even counted given their age.  (Id. ¶ 44.)  Overall, prior to his offense in this case, Baldwin was sentenced to 211 months of imprisonment for his cocaine trafficking alone, which did not deter him from committing the criminal conduct in this case.  At the time of his sentencing in this case, moreover, he was serving another 70- to 93-month sentence as a habitual felon for cocaine trafficking conduct occurring before the offense conduct in the present case.  (Id. ¶ 29.)

Baldwin states that "[t]he First Step Act was enacted for inmates like me with a small quantity of drugs with a substantial amount of time."  (Doc. 48 at 1.)  In this case Baldwin was accountable for trafficking 5.3 grams of cocaine base.  But he was also convicted of possessing a .38 special revolver in furtherance of a drug trafficking crime, which carries a mandatory 5-year imprisonment term.  (Doc. 39 ¶ 6.)  So, while it is true that Baldwin's offense of conviction in Count One rests on a generally small quantity of crack cocaine (5.8 grams), as he points out, it is part and parcel of a non-stop career as a cocaine trafficker from age 25 to 46.  That he made his living by selling drugs is

11

evidenced by his virtual total lack of employment since he left home at age 14. (Id. ¶ 73.) In this respect, Baldwin's attempt to compare himself to other defendants, without taking into account his extensive criminal history, does not tell the whole story. Sentencing is specific to each defendant and his or her sentencing factors.

Baldwin has argued, and the court notes, his good conduct and efforts at rehabilitation. A reduction on this basis is authorized by Pepper v. United States, 562 U.S. 476 (2011). The court acknowledged this when it considered his First Step Act motion. In his motion for reconsideration, Baldwin highlights additional efforts at rehabilitation his counsel did not highlight in Baldwin's prior motion, most particularly work in the Unicor Program making furniture. Baldwin also has no prison infractions over his 12-year period of incarceration, which is exemplary. (Doc. 41 at 2.) He had previously earned his GED, and though he has not enrolled in extensive educational courses, he is taking classes to earn his commercial driver's license. The court agrees that these achievements and considerations should be taken into account in resentencing and that the court's earlier reduction did not fully account for them; however, Baldwin overestimates their overall impact. The court also considers Baldwin's age (58) as a

12

mitigating factor.

Thus, considering all these factors as well as the responses of the Government and the Defendant, the policy statement set forth at Guideline § 1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court in its discretion will reduce Baldwin's sentence on Count One to 105 months.  This represents a variance above the guideline range of 33-41 months on Count One, for the specific reasons of just punishment, deterrence (noting that his prior combined sentences for drug trafficking alone of 211 months, the longest of which was 72 months, were insufficient to deter him), and protection of the public.  And it is for these very reasons that the court declines Baldwin's request to sentence him within the guideline range.  Baldwin's convictions reflect an undeterred pattern of drug trafficking.  In revising the sentence in this fashion, the court also takes into account the fact that Baldwin is subject to a mandatory 60 months on Count Two.  Thus, Baldwin's sentence on Count One will be 105 months, and on Count Two it remains 60 months, consecutive, for an overall sentence of 165 months but not less than time served.  Supervised release will remain at 3 years on Count One and 5 years on Count Two, concurrent.

**III. CONCLUSION**

For these reasons, therefore,

13

IT IS ORDERED that Baldwin's motion (Doc. 48) is GRANTED to the extent that his sentence on Count One is reduced from 190 months to 105 months, and on Count Two it remains 60 months, consecutive, for an overall sentence of 165 months but not less than time served.  Supervised release will remain at 3 years on Count One and 5 years on Count Two, to run concurrently. Consistent with the court's ruling at the original sentencing, this sentence also runs concurrently to the undischarged portion of the sentence in North Carolina cases 07CRS51950 and 07CRS3637.

An amended judgment will be entered accordingly.

                                          /s/   Thomas D. Schroeder
                                     United States District Judge

February 19, 2020